*984 OPINION.
Van Fossan:
The petitioner raises but two questions: (1) Was petitioner a personal service corporation in 1919 and 1920 within the meaning of section 200 of the Revenue Act of 1918? and, in the alternative, (2) Are the total sums paid to Innes and Behney reasonable allowances for salaries or other compensation for personal services actually rendered and allowable as a deduction under section 234(a)(1)?
Three essential conditions must be met to bring a corporation within the personal service classification provided by section 200 of the Revenue Act of 1918 — (1) the principal stockholders must be regularly engaged in the active conduct of the business, (2) the income must be primarily attributable to their activities, and (3) capital must not be a material income-producing factor. The statute also expressly excludes any corporation 50 per cent of whose income is derived from trading as a principal or from Government war contracts. Confronted with this definition, each case must be considered and determined upon its own peculiar facts and circumstances. See Appeal of Bryant & Stratton Commercial School, Inc., 1 B. T. A. 32.
A reference to the findings of fact will suffice to demonstrate that this petitioner fully satisfies all the conditions of the definition. Innes and Behney, owners of all the stock, devoted themselves exclusively to the business of the petitioner, and through their efforts and reputations produced substantially all, if not all, of the business. Such capital as was employed in the business was principally invested in furniture, fixtures, machinery, tools, and supplies essen *985 tial to the production of eyeglasses. The small amount invested in salable merchandise was negligible and produced only about 3 per cent of the total income. The machinery and tools while necessarily involving the use of capital, were not, of themselves, income producers. They were no more than the implements with which Innes and Behney exercised the skill of their profession. The lenses and frames were not kept for sale as such and had little value until made up as eyeglasses through the services performed upon them by Innes and Behney. Even then they were of no practical value to anyone except the persons for whom they were specifically made. Independently of the personal services of Innes and Behney, the exercise' of their judgment and skill, the capital employed in this business was useless as a producer of income to the petitioner. See Appeal of Rhoades, Brownson & Kampman, Inc., 2 B. T. A. 194.
It is not essential to a compliance with the Act that no capital whatever be employed in the business. Few modern businesses are conducted without the use of capital in some form or other, and it can not be assumed that Congress intended any such narrow limitation. The business of the petitioner is essentially the sale of the services of Innes and Behney as skilled optometrists and opticians of high reputation. It is their ability to make and fit eyeglasses satisfactorily to the individual needs of its customers that the petitioner sells and from which it derives its income. It is a dealer in the experience and technical knowledge of these two men, just as the lawyer, the doctor and the artist, with large capital investments in libraries and tools and equipment, are dealers in the technical knowledge and service of their professions.
We are of the opinion that petitioner is a personal service corporation within the meaning of section 200 of the Revenue Act of 1918, and so hold. In view of our conclusion on the first issue, it is unnecessary to consider the second issue raised on this appeal.

Judgment will be entered for the petitioner.

Considered by Maeqnette, Mllliken, and Phillips.